IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ELIEZER MORRERA-VIGO,**<br>       Petitioner,<br><br>          v.<br><br>**UNITED STATES OF AMERICA,**<br>       Respondent. | *<br>*<br>*<br>*<br>*     **CIVIL NO. 08-1441(PG)**<br>*     **RELATED CRIM. 00-333(PG)**<br>*<br>*<br>* |

## **OPINION & ORDER**

Before the Court is Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E.1)[1]. Respondent filed a Response to the Petition (D.E.14). For the reasons discussed below, the Court finds the Petition shall be **DENIED.**

## **I. BACKGROUND**

On November 20, 2001, Petitioner Eliezer Morerra-Vigo, (hereinafter "Petitioner" or "Morerra-Vigo") and four (4) additional co-defendants were convicted by a jury of conspiracy to distribute in excess of one (1) kilogram of heroin, five (5) kilograms of cocaine and fifty (50) grams of cocaine base (Crim. D.E. 498)[2].

Petitioner's conviction was affirmed on appeal, but the sentence was vacated and remanded. United States v. Mercado-Irizarry, 404 F.3d 497 (1st Cir. 2005). Judgment

---

[1] D.E. is an abbreviation of docket entry number.

[2] Crim. D.E. is an abbreviation for criminal docket entry.

Civil No. 08-1441(PG)                                              Page 2

was affirmed on appeal, subsequent to the remand. United States v. Morrera-Vigo, Appeal No. 06-1016 (1st Cir. October 11, 2006).

On February 20, 2007, a petition for writ of certiorari to the United States Supreme Court was denied. Morrera-Vigo v. United States, 549 U.S. 1241 (2007). On April 30, 2007, a petition for rehearing was denied. Morerra- Vigo v. United States, 550 U.S. 929 (2007). Therefore Petitioner's conviction became final on February 20, 2007. Morrera-Vigo filed his petition for relief pursuant to section 2255 on April 15, 2008, (D.E. 1).  Said petition is therefore untimely.

## II. DISCUSSION

Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), went into effect on April 24, 1996. AEDPA established a limitations period of one (1) year from the date on which a prisoner's conviction becomes "final" within which to seek federal habeas relief. Congress intended that AEDPA be applied to all section 2255 petitions filed after its effective date Pratt v. United States, 129 F.3d 54, 58 (1st Cir. 1997).

In the case at hand, the one (1) year statute of limitations of AEDPA, for the filing of a section 2255 motion began when the United States Supreme Court denied Morerra-Vigo's petition for certiorari and not the subsequent request for rehearing. In re Smith, 436 F.3d 9,

Civil No. 08-1441(PG)                                              Page 3

at page 10 ( 1st Cir. 2006)³.

The date of denial of Morrera-Vigo's certiorari was February 20, 2007.  This means that the one year period of the statute of limitations as established by AEDPA for Petitioner's filing of a timely section 2255 began on February 20, 2007.  Therefore, Petitioner had until February 20, 2008, to timely file his section 2255 petition.  However, Morrera-Vigo did not file his petition until April 15, 2008, a month and a half after the one year statute of limitations had expired.  Hence the same is time barred.

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner **ELIEZER MORERRA-VIGO,** is not entitled to federal habeas relief on the claim presented due to the fact that the same is time barred.  Accordingly, it is ordered that petitioner **ELIEZER MORRERA-VIGO's** request for habeas relief under 28 U.S.C. Sec. 2255(D.E. 1) is **DENIED,** and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.**

### IV. CERTIFICATE OF APPEALABILTY

For the reasons previously stated, the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.

---

³<u>In re Smith</u> applies Supreme Court Rule 16.3 and establishes that "a conviction becomes final for purposes of triggering the one year limitation period of section 2255 when certiorari is denied, regardless of whether a petition for rehearing is filed or when such petition is denied." <u>cert. denied</u>, 549 U.S. 923 (2006).

Civil No. 08-1441(PG)                                           Page 4

C. Section 2255.  It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th of October, 2011.


                                        **s/ JUAN M. PEREZ-GIMENEZ**
                                        **UNITED STATES DISTRICT JUDGE**